# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

ANTHONY ORR,
  *Plaintiff*,

v.

KEITH SHEA, *et al.*,
  *Defendants*.

No. 3:17-cv-00788 (VAB)

## RULING AND ORDER ON MOTIONS *IN LIMINE*

On April 19, 2017, Anthony Orr ("Plaintiff") sued the Waterbury Police Department, Sergeant Daniel Ferrucci, Officer Jeffrey Schmaling, and Officer Shea (together, "Defendants") in Connecticut state court under 42 U.S.C. § 1983, arguing that the Defendants violated his Fourth Amendment protection against unreasonable seizures by arresting him without probable cause, assaulting him during the course of arrest, denying him medical care after the arrest, and maliciously prosecuting him for narcotics offenses. Notice of Filing Pet. of Removal, ECF No. 1 at 6-8 (May 15, 2017) ("Compl.").

On May 15, 2017, the Defendants removed the action to this Court. Notice of Filing Pet. of Removal, ECF No. 1 (May 15, 2017) ("Notice of Removal"). In two summary judgment orders, *see* Ruling and Order on Mot. for Summ. J. and Mot. to Appoint Counsel, ECF No. 31 (Feb. 8, 2018) ("First MSJ"); Ruling and Order on Mot. for Summ. J., ECF No. 81 (Nov. 8, 2019) ("Second MSJ"), all claims against all Defendants were dismissed except for the excessive force claim against Officer Shea, which is proceeding to trial.

Before the jury trial, currently scheduled to begin on June 14, 2021, Mr. Orr filed four motions *in limine* seeking to preclude the admission into evidence of the following: (1) evidence or testimony relating to prior litigations in which Mr. Orr was a plaintiff; (2) evidence or

1

testimony relating to Mr. Orr's alleged past or present drug use; (3) evidence or testimony relating to Mr. Orr's prior criminal convictions; and (4) evidence or testimony relating to items seized after Mr. Orr's arrest. *See* Pl.'s Mot. in Lim. to Preclude Evid. or Test. Regarding Prior Litigs., ECF No. 112 (Oct. 30, 2020) ("Mot. Prior Litig."); Pl.'s Mot. in Lim. to Preclude Evid. or Test. Regarding Past or Present Drug Use, ECF No. 113 (Oct. 30, 2020) ("Mot. Drug Use"); Pl.'s Mot. to Preclude Evid. or Test. Regarding Prior Convictions or Arrests, ECF No. 114 (Oct. 30, 2020) ("Mot. Prior Convictions"); Pl.'s Mot. to Preclude Evid. or Test. Regarding Items Seized After Mr. Orr's Arrest, ECF No. 115 (Oct. 30, 2020) ("Mot. Items Seized").

For the reasons explained below, Mr. Orr's motion to preclude evidence or testimony regarding prior litigations, ECF No. 112, will be **DENIED** without prejudice to renewal at trial;

Mr. Orr's motion to preclude evidence or testimony relating to past or present drug use, ECF No. 113, will be **GRANTED** with respect with respect to evidence or testimony relating to Mr. Orr's alleged past drug use before the events leading up to his arrest, and will be **DENIED** without prejudice to renewal at trial with respect to evidence relating to Mr. Orr's alleged intoxication at the time of his arrest and the hand-to-hand drug transaction that allegedly took place before Mr. Orr's arrest;

Mr. Orr's motion to preclude evidence or testimony relating to prior convictions, ECF No. 114, will be **GRANTED**; and

Mr. Orr's motion to preclude evidence or testimony relating to items seized after Mr. Orr's arrest, ECF No. 115, will be **GRANTED** with respect to the other Warrant-Related Items and the Paraphernalia, but will be **DENIED** without prejudice to renewal at trial as to the drug paraphernalia on the coffee table.

The Court's rulings, however, are "subject to change when the case unfolds, particularly

2

if the actual testimony differs from what was [expected]." *Luce v. United States*, 469 U.S. 38, 41 (1984).

I. **FACTUAL AND PROCEDURAL BACKGROUND**

The Court assumes factual familiarity with the underlying proceedings. *See, e.g.*, First MSJ; Second MSJ.

On February 8, 2018, the Court denied Mr. Orr's motion for summary judgment on his claims, dismissed all claims against the Waterbury Police Department, as well as all of Mr. Orr's claims for declaratory relief and for damages against Defendants in their official capacities, and granted Mr. Orr's motion for appointment of counsel. *See* First MSJ.

On November 8, 2019, the Court granted in part and denied in part Officer Shea's, Officer Schmaling's and Sergeant Ferrucci's motion for summary judgment, dismissing all remaining claims except for the excessive force claim against Officer Shea. *See* Second MSJ.

On October 30, 2020, Mr. Orr filed the four motions *in limine*. *See* Mot. Prior Litig.; Mot. Past or Present Evid.; Mot. Prior Convictions; Mot. Items Seized; *see also* Pl.'s Mem. of L. in Supp. of Mot. in Lim. to Preclude Evid. or Test. Regarding Prior Litigs., ECF No. 112-1 (Oct. 30, 2020) ("Mem. Prior Litig."); Pl.'s Mem. of L. in Supp. of Mot. in Lim. to Preclude Evid. or Test. Regarding Past or Present Drug Use, ECF No. 113-1 (Oct. 30, 2020) ("Mem. Drug Use"); Pl.'s Mem. of L. in Supp. of Mot. in Lim. to Preclude Evid. or Test. Regarding Prior Convictions or Arrests, ECF No. 114-1 (Oct. 30, 2020) ("Mem. Prior Convictions"); Pl.'s Mem. of L. in Supp. of Mot. in Lim. to Preclude Evid. or Test. Regarding Items Seized After Mr. Orr's Arrest, ECF No. 115-1 (Oct. 30, 2020) ("Mem. Items Seized").

On January 11, 2020, Officer Shea filed objections to each of the motions *in limine*. *See* Obj. to Pl.'s Mot. in Lim. to Preclude Evid. or Test. Regarding Prior Litigs. (Doc. #112), ECF

No. 125 (Jan. 11, 2021); Mem. of L. in Supp. of Def.'s Obj. to Pl.'s Mot. in Lim. to Preclude Evid. or Test. Regarding Prior Litigs. (Doc #112), ECF No. 125-1 (Jan. 11, 2021) ("Obj. Prior Litig."); Obj. to Pl.'s Mot. in Lim. to Preclude Evid. or Test. Regarding Past or Present Drug Use (Doc #113), ECF No. 126 (Jan. 11, 2021); Mem. of L. in Supp. of Def.'s Obj. to Pl.'s Mot. in Lim. to Preclude Evid. or Test. Regarding Past or Present Drug Use (Doc #113), ECF No. 126-1 (Jan. 11, 2021) ("Obj. Drug Use"); Obj. to Pl.'s Mot. in Lim. to Preclude Evid. or Test. Regarding Prior Convictions or Arrests (Doc #114), ECF No. 127 (Jan. 11, 2021); Mem. of L. in Supp. of Def.'s Obj. to Pl.'s Mot. in Lim. to Preclude Evid. or Test. Regarding Prior Convictions or Arrests (Doc #114), ECF No. 127-1 (Jan. 11, 2021) ("Obj. Prior Convictions"); Obj. to Pl.'s Mot. in Lim. to Preclude Evid. or Test. Regarding Items Seized After Mr. Orr's Arrest (Doc #115), ECF No. 128 (Jan. 11, 2021); Mem. of L. in Supp. of Def.'s Obj. to Pl.'s Mot. in Lim. to Preclude Evid. or Test. Regarding Items Ceased [sic] After Mr. Orr's Arrest (Doc #115), ECF No. 128-1 (Jan. 11, 2021) ("Obj. Items Seized").

On February 8, 2021, Mr. Orr filed replies to Officer Shea's objections to his motions *in limine*. *See* Pl.'s Reply Mem. of L. in Further Supp. of Mot. in Lim. to Preclude Evid. or Test. Regarding Prior Litigs. (Docket #112), ECF No. 135 (Feb. 8, 2021) ("Reply Prior Litig."); Pl.'s Reply Mem. of L. in Further Supp. of Mot. in Lim. to Preclude Evid. or Test. Regarding Past or Present Drug Use (Docket #113), ECF No. 136 (Feb. 8, 2021) ("Reply Drug Use"); Pl.'s Reply Mem. of L. in Further Supp. of Mot. in Lim. to Preclude Evid. or Test. Regarding Prior Convictions or Arrests (Docket #114), ECF No. 137 (Feb. 8, 2021) ("Reply Prior Convictions"); Pl.'s Reply Mem. of L. in Further Supp. of Mot. in Lim. to Preclude Evid. or Test. Regarding Items Seized After Mr. Orr's Arrest (Docket #115), ECF No. 138 (Feb. 8, 2021) ("Reply Items Seized").

The Court has set June 14, 2021 for jury selection. *See* Scheduling Order, ECF No. 145.

## II. STANDARD OF REVIEW

Motions *in limine* provide district courts the opportunity to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *See Luce*, 469 U.S. at 40 n.2; *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). "A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions *in limine*." *Highland Cap. Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008).

A court should only exclude evidence on motions *in limine* if the evidence is "clearly inadmissible on all potential grounds." *Levinson v. Westport Nat'l Bank*, No. 09-cv-1955 (VLB), 2013 WL 3280013, at *3 (D. Conn. June 27, 2013) (internal quotation marks omitted). The court also retains discretion to reserve judgment on some or all motions *in limine* until trial so that the motions are placed in the appropriate factual context. *See, e.g.*, *In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, 643 F. Supp. 2d 471, 476 (S.D.N.Y. 2009); *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. L.E. Myers Co.*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996).

## III. DISCUSSION

Each of Mr. Orr's motions *in limine* seek to exclude evidence that Mr. Orr argues is irrelevant, prejudicial, or otherwise inadmissible under the Federal Rules of Evidence. *See* Fed. R. Evid. 403. Under Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *Id.*

The Court will address each motion in turn.

### A. Motion Regarding Prior Litigations [ECF No. 112]

Mr. Orr seeks to preclude from admission at trial evidence and testimony regarding Mr. Orr's involvement as a plaintiff in prior litigations, arguing that this information is "not relevant, and even if it were relevant, the probative value of such evidence is substantially outweighed by its prejudicial effect." Mem. Prior Litig. at 2.

Mr. Orr argues that "[c]ourts routinely exclude evidence of prior litigations because of the substantial danger of jury bias," *id.* (citing *Raysor v. Port Auth. of N.Y. & N.J.*, 768 F.2d 34, 40 (2d Cir. 1985)), and that "[a]lthough Mr. Orr has been the plaintiff in a number of lawsuits, none of them are related to any of the claims or defenses in the present action," *id.* at 3. He argues that although Officer Shea may argue that Mr. Orr "has a bias against police officers or the criminal justice system because certain of his lawsuits are filed against" such organizations or individuals, the Second Circuit has "explicitly rejected" the argument that evidence of prior lawsuits can show anti-police bias. *Id.* (citing *Outley v. City of N.Y.*, 837 F.2d 587, 593-94 (2d Cir. 1988)).

Mr. Orr argues that *Outley* sets forth one exception where prior litigations may be admissible, when "the previous claims made by the party are shown to have been fraudulent," an exception he argues does not apply to his case. *Id.* He argues that if this evidence were admitted, it would "provide no probative value and would instead bring a high risk of prejudice, especially to jurors who lack regular contact with the justice system," and would impermissibly "paint Mr. Orr as a chronic litigant." *Id.* at 4.

Officer Shea does not dispute "that courts routinely exclude evidence of prior litigations because of the substantial danger of jury bias," Obj. Prior Litig. at 4 (citing *Raysor*, 768 F.2d at 40), and "concedes such evidence would be inadmissible if the sole purpose was to present

6

evidence of the plaintiff's litigiousness and/or police bias," *id.* at 4-5 (emphasis omitted), but argues that this evidence and testimony nonetheless is "admissible with regard to any prior or subsequent claims of injuries which are substantially similar to the claims he asserts in the present case," *id.* at 5.

Officer Shea argues that "[i]t is well-established that evidence of the party's prior litigation . . . may be admitted so long as it is relevant and probative of an issue in the present case and particularly if the evidence is inconsistent with the party's current position." *Id.* In Officer Shea's view, "all of the prior and/or subsequent litigation[-]based evidence to be elicited from [Mr.] Orr would be relevant and probative of both the extent and potential causes of [his] injury claims," and Mr. Orr's "litigation history provides information that makes his claim relevant to the present action." *Id.* As a result, he argues that "[t]o the extent that Mr. Orr has asserted similar claims" before, "such evidence is highly relevant and probative of his claims in the present case," particularly with respect to "the issues of causation of damages and his credibility." *Id.* at 5-6.

Mr. Orr replies that the relevant evidence is "inadmissible for impeachment or credibility," and that any "vague and unsupported" benefits of the evidence are outweighed by the "high danger of unfair prejudice, confusion, and delay" he argues would result if this evidence were introduced at trial. Reply Prior Litig. at 2-3 (emphasis omitted). He argues that the evidence also is "inadmissible to prove facts," as "[t]he subject matter of Mr. Orr's other litigations is diverse," and Officer Shea "has only speculated that there is overlap between those issues and the issue in the case at bar," and has "fail[ed] to point to any case where Mr. Orr made a claim contrary to his statements in the case." *Id.* at 3.

The Court agrees, in part.

7

Courts are permitted to "exclude [any] relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403. "The prejudice that Rule 403 is concerned with involves 'some adverse effect . . . beyond tending to prove the fact or issue that justified its admission into evidence." *United States v. Gelzer*, 50 F.3d 1133, 1139 (2d Cir. 1995) (quoting *United States v. Figueroa*, 618 F.2d 934, 943 (2d Cir. 1980)). Any evidence therefore "must also bear a reasonable resemblance to the allegations at issue." *Metcalf v. Yale Univ.*, No. 15-CV-01696 (VAB), 2018 WL 8060514, at *3 (D. Conn. April 25, 2018).

Federal Rule of Evidence 404(b)(1) prohibits the admission of evidence of "a crime, wrong, or other act" to "prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Under Rule 404(b)(2), however, this evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

"Litigiousness is the sort of character trait with which Rule 404(b) is concerned." *Outley*, 837 F.2d at 592. "[A] plaintiff's litigiousness may have some slight probative value, but that value is outweighed by the substantial danger of jury bias against the chronic litigant." *Id*.

In *Outley*, the Second Circuit excluded evidence of prior lawsuits but noted a distinction "where a party has filed a series of fraudulent lawsuits and there is substantial evidence that the prior lawsuits amounted to a fraudulent pattern." 837 F.2d at 594. Indeed, "[i]n similar circumstances," courts in this Circuit "have generally precluded evidence of prior lawsuits to show the plaintiff's litigiousness unless there was evidence that the prior lawsuits were fraudulently filed." *Scoma v. City of N.Y.*, No. 16-CV-6693 (KAM) (SJB), 2021 WL 1784385, at *7 (E.D.N.Y. May 4, 2021) (slip op.) (citing *Outley*, 837 F. 2d at 594); *see also Walker v. Schult*,

8

365 F. Supp. 3d 266, 281 (N.D.N.Y. 2019) (excluding similar evidence where defendants failed to show that the "other grievances were fraudulent").

Defendant does not now allege that Mr. Orr's prior lawsuits were fraudulent, but instead argues that evidence of these prior litigations "may be admitted so long as it is relevant and probative of an issue in the present case and particularly if the evidence is inconsistent with the party's current position." Obj. Prior Litig. at 5 (citing *Mendenhall v. Cedarapids, Inc.*, 5 F.3d 1557, 1573 (Fed. Cir. 1993); *Vincent v. Young*, 324 F.2d 266, 269 (10th Cir. 1963)). Officer Shea also argues that under *Barnes v. Long Island Railroad*, 205 F.3d 1321, 2000 WL 19108, at *2 (2d Cir. 2000) (table op.), "insofar as [Mr.] Orr claims in this action injuries subsequently similar to those in prior and subsequent litigation," this "creates a potential for inconsistencies in the present lawsuit," raising "issues of causation of damages" and "credibility." *Id.* at 5-6.

None of these cases, however, point toward blanket admission of Mr. Orr's prior litigations in the present case. In *Mendenhall*, where the plaintiff sought admission of several prior judgments and judicial opinions, the Federal Circuit observed that "[t]here is no exemption from Rule 403 for evidence of prior litigation," and advised that courts "must look at particular issues and at the particular evidence proffered and the reasons for exclusion." 5 F.3d at 1573.

Here, however, Officer Shea has not identified with any specificity which of Mr. Orr's prior litigations he seeks to admit evidence or testimony from, so the Court cannot now engage in the close look at the "particular evidence" discussed in *Mendenhall*. *Id.* Similarly, in *Vincent v. Young*, the Tenth Circuit generally observed that "[p]rior statements of a party, including testimony in a former case, are generally admissible as primary evidence against the party making them." 324 F.2d at 269. Again, however, Officer Shea has not pointed to any specific testimony or prior statements he seeks to introduce; moreover, the Tenth Circuit's holding in

9

*Vincent* must be considered alongside the Second Circuit's binding ruling in *Outley* cautioning this Court against routine admission of prior litigation. *See* 837 F.2d at 594.

In *Barnes*, the Second Circuit held that "evidence of a party's prior litigation, including testimony and statements made in the course of a former case, may be admitted so long as it is relevant and probative of an issue in the present case—and particularly if the evidence is inconsistent with the party's current position." 2000 WL 19108 at *2. This, however, merely restates the Court's necessary balancing under the Rules of Evidence. *See* Fed. R. Evid. 403. Additionally, in *Barnes*, the defendant specifically sought to introduce evidence and testimony regarding prior similar injuries and set forth specific evidence of prior inconsistent claims pertaining to his earning capacity and extent of his prior injuries. *Id.* Though Officer Shea argues that "all of the prior and/or subsequent litigation[-]based evidence to be elicited from [Mr.] Orr would be relevant and probative of both the extent and potential causes of [Mr.] Orr's injury claims," Obj. Prior Litig. at 5, he has not earmarked, or identified with any degree of specificity, any evidence or testimony that would be "inconsistent" with his current position or relate in any particular way to issues of causation in the present case. *Barnes*, 2000 WL 19108 at *2;

Because the Court has no indication of the specific evidence Plaintiff seeks to preclude from admission, however, the Court cannot rule on the admissibility of any such evidence and also declines to adopt a blanket exclusion of all evidence relating to all of Mr. Orr's prior litigations.

Accordingly, Mr. Orr's motion *in limine*, ECF No. 112, is **DENIED** without prejudice to renewal at trial. *See Nat'l Union Fire Ins. Co. of Pittsburgh*, 937 F. Supp. at 287 ("[T]he Court will reserve judgment on the motion until trial when admission of particular pieces of evidence is in an appropriate factual context."). The Court cautions that, given that admitting evidence of

prior litigations may "potentially unfairly prejudice the jury against Plaintiff by painting him as a litigious character who lacks validity," *Eng v. Scully*, 146 F.R.D. 74, 79 (S.D.N.Y. 1993), this evidence will more likely than not be excluded from trial.

### B. Motion Regarding Past or Present Drug Use [ECF No. 113]

Mr. Orr seeks to preclude various pieces of evidence and testimony relating to his alleged past or present drug use, including "evidence that he allegedly has used illegal drugs in the past" and "evidence that Mr. Orr was intoxicated at the time of his arrest." *See* Mem. Drug Use at 2-3. As to any evidence of Mr. Orr's alleged past drug use, he argues that this evidence is not relevant because it "does not make any fact regarding the Defendant's use of force any more or less probable," and even if relevant, this evidence is "unfairly prejudicial, as it may cause the jury to view Mr. Orr as untrustworthy or immoral." *Id.* As to any evidence that Mr. Orr was intoxicated at the time of his arrest, he argues that officers who spoke to Mr. Orr after his arrest "testified that he was coherent and understandable and did not appear to be intoxicated," and that, because "crack cocaine is a fast-acting drug . . .[,] Mr. Orr was unlikely to still be under its effects at the time of his arrest over an hour later" than he used the drug. *Id.* at 3.

Officer Shea concedes that he "does not intend to introduce" evidence of Mr. Orr's alleged "past use of illegal drugs, only his admitted use on the day of the subject incident." Obj. Drug Use at 4. Officer Shea argues that this evidence, including evidence of an alleged "hand-to-hand perceived drug transaction" before the arrest has "significant probative value for impeachment and credibility purposes" and is "relevant and highly probative of the facts with which Officer Shea was confronted." *Id.* at 4-5. As to evidence that Mr. Orr was intoxicated at the time of his arrest, Officer Shea argues that "[t]he jury has the right to consider whether [Mr.] Orr's mental state and recollection of the events may have been impaired by his admitted use of

11

crack cocaine and marijuana within a short time before the incident." *Id.* at 5.

Mr. Orr replies that any evidence of intoxication at the time of his arrest is "irrelevant to Defendant's use of force" and is "highly inflammatory." Reply Drug Use at 2. He similarly argues that any evidence relating to the alleged hand-to-hand drug transaction is irrelevant, as "the suggestion that Defendant had reason to use force on Mr. Orr simply because he may have been involved in a drug transaction relies on an *ipse dixit* conclusion that anyone involved in drug use constitutes a risk to a police officer and therefore any use of force would be justified." *Id.* at 3.

The Court agrees, in part.

Under the surviving claim, the excessive force claim against Officer Shea, the jury must determine whether the force was reasonable by conducting "a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Graham v. Connor*, 490 U.S. 386, 396 (1989) (internal quotation marks omitted). In making that determination, "[t]he reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 version of hindsight." *Id.* (internal quotation marks omitted). This is an objective standard that considers "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.*

As to any evidence relating to Mr. Orr's alleged past drug use before the events leading to his arrest, Officer Shea has noted that he does not intend to introduce such evidence, and given the Second Circuit's observation that "ordinarily there are few subjects more potentially inflammatory than narcotics and thus such evidence should usually be excluded in a non-

narcotics trial," *United States v. Ong*, 541 F.2d 331, 340 (2d Cir. 1976), any such evidence likely would not be admissible at trial.

As to evidence relating to Mr. Orr's alleged intoxication at the time of his arrest, or to the hand-to-hand drug transaction that allegedly occurred prior to Mr. Orr's arrest, the Court must assess whether such evidence is probative and is not outweighed by the prejudicial effects it may have on Mr. Orr. *See* Fed. R. Evid. 403.

With respect to evidence of Mr. Orr's alleged intoxication at the time of his arrest, Mr. Orr's primary objection to the admission of this evidence is that "there is no evidence that Mr. Orr was intoxicated," Reply Drug Use at 2, and that "officers who spoke to Mr. Orr after his arrest testified that he was coherent and understandable and did not appear to be intoxicated," as well as that "crack cocaine is a fast-acting drug and Mr. Orr was unlikely to still be under its effects at the time of his arrest," given expert testimony that "the effects of crack cocaine occur ten to fifteen seconds after use, and last for approximately fifteen minutes." Mem. Drug Use at 3-4. Given this objection, the dispute about whether Mr. Orr was actually intoxicated is best resolved by the factfinder, not by the Court at this stage of the proceedings.

Furthermore, because the trial has not yet occurred, evidence of Mr. Orr's alleged intoxication at the time of his arrest and the alleged hand-to-hand transaction that took place prior to Mr. Orr's arrest has not been presented in its proper context. Notably, the Court has not observed Mr. Orr's testimony regarding his recollection of the arrest nor testimony relating to Officer Shea's awareness of any such hand-to-hand transaction during or prior to his use of force.

Accordingly, and in light of the Court's discretion to reserve judgment on a motion *in limine* until the evidence is placed in its full factual context at trial, *see Nat'l Union Fire Ins. Co.*,

13

937 F. Supp. at 287, the motion *in limine*, ECF No. 113, is **GRANTED in part** and **DENIED in part**. The motion is **GRANTED** with respect to evidence or testimony relating to Mr. Orr's alleged past drug use before the events leading up to his arrest, and is **DENIED** without prejudice to renewal at trial with respect to evidence relating to Mr. Orr's alleged intoxication at the time of his arrest and the hand-to-hand drug transaction that allegedly took place prior to Mr. Orr's arrest.

### C. Motion Regarding Prior Convictions or Arrests [ECF No. 114]

Evidence of prior convictions may be admitted in some circumstances for limited purposes such as proving motive or impeaching a witness's credibility. *See* Fed. R. Evid. 404(b) (noting that evidence of past crimes "is not admissible to prove a person's character" but that such evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."); Fed. R. Evid. 609(a) (outlining the "rules [that] apply to attacking a witness's character for truthfulness by evidence of a criminal conviction" and requiring admission of prior convictions "if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement"); *see also Lewis v. Velez*, 149 F.R.D. 474, 481-83 (S.D.N.Y. 1993) ("Neither drug crimes nor assault involve dishonesty or false statement, so the plaintiff's convictions for these crimes are not automatically admissible under Rule 609(a)(2). On the other hand, none of the convictions at issue is more than ten years old; thus, evidence of the crimes is not presumptively barred under Rule 609(b) . . . . Convictions for crimes or other bad acts that bear a close resemblance to actions alleged in the current case are likely to run afoul of Rule 404(b), because they cause unfair prejudice to the party against whom they are offered by suggesting that the party has a propensity to commit such acts." (internal

citations omitted)).

At all times, such evidence is subject to the balancing test of Rule 403, which provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403; *see also United States v. Estrada*, 430 F.3d 606, 615-16 (2d Cir. 2005) ("[E]vidence of convictions for crimes involving 'dishonesty or false statement,' whether felonies or misdemeanors, must be admitted under Rule 609(a)(2) as being *per se* probative of credibility, while district courts, under Rule 609(a)(1), *may* admit evidence of a witness's felony convictions that do not constitute *crimen falsi*, subject to balancing pursuant to Rule 403." (emphasis in original)).

"In balancing the probative value against the prejudicial effect under [Rule 609], courts examine the following factors: (1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue, and (4) the importance of the credibility of the witness." *Stephen v. Hanley*, No. 03-CV-6226 (KAM) (LB), 2009 WL 1471180, at *4 (E.D.N.Y. May 21, 2009) (citing *Daniels v. Loizzo*, 986 F. Supp. 245, 250 (S.D.N.Y. 1997)).

As to the impeachment value of Mr. Orr's prior crimes, as this Court has previously held, the particular crimes at issue in Mr. Orr's motion *in limine*—assault in the first degree, carrying a pistol without a permit, robbery in the first degree, conviction for disorderly conduct, and violation of probation, *see* Mem. Prior Convictions at 1—"do not have significant impeachment value, as they do not relate to dishonesty or false statements on the part of" Mr. Orr. *Anderson v. Scanlon*, No. 3:14-cv-00829 (VAB), 2017 WL 3974994, at *2-3 (D. Conn. Sept. 8, 2017) (excluding evidence of prior convictions for "assault, possession of narcotics, carrying a pistol without a permit, and violation of probation"); *see* Fed. R. Evid. 609(a)(2).

15

As to the remoteness of the prior conviction, the majority of Mr. Orr's convictions took place over ten years ago, *see* Mem. Prior Convictions at 1, and, given their remoteness in time, and this Court's prior holding that the "probative value of conviction decreases as its age increases," *Franko v. Farrell*, No. 3:17-CV-1558 (RMS), 2019 WL 1772400, at *3 (D. Conn. Apr. 23, 2019) (internal quotation marks omitted), this evidence likely provides no meaningful probative value in any event. *See also Stephen*, 2009 WL 1471180, at *4 (finding that a probation violation for which the plaintiff was previously sentenced "d[id] not provide insight into whether he posed a threat to the safety of the defendants or attempted to evade arrest, and, thus, whether the defendants' use of force was reasonable"). Officer Shea also sets forth no potential probative value any of these convictions may provide, or any proffered purpose for admission of these prior acts. *See* Obj. Prior Convictions.

As to the similarity between the past crime and the conduct at issue, Mr. Orr's prior convictions are unrelated to the conduct at issue—whether Officer Shea's conduct constituted excessive force. *See* Compl. Even assuming such a comparison remains relevant in these circumstances, where Mr. Orr is not a defendant but the plaintiff in this action, Mr. Orr's prior offenses are not similar in kind to the narcotics-related conduct that arguably may be attributed to him here.

Finally, "given the parties' widely divergent versions of what took place during the contested arrest[]," *Anderson*, 2017 WL 3974994, at *3, Mr. Orr's credibility remains an important issue in this case, and this factor also weighs in favor of exclusion.

Accordingly, at this time, Mr. Orr's motion *in limine* to preclude evidence of prior convictions, ECF No. 114, will be **GRANTED**. If, during the course of trial, it becomes clear that such evidence may be properly admitted, the Court will consider revisiting this ruling.

16

### D. Motion Regarding Items Seized After Arrest [ECF No. 115]

Mr. Orr seeks to preclude the introduction of evidence relating to items seized from an apartment on Angel Drive that was the site of Mr. Orr's arrest and the incident at issue here. *See* Mem. Items Seized. These items include "money, narcotics in plastic packaging, drugs inside a glass jar, drug paraphernalia, empty magazines, bullets, and other items" (the "Warrant-Related Items"). *Id.* at 2. Mr. Orr also seeks to preclude the introduction of drug paraphernalia found on his person after he was arrested (the "Paraphernalia"). *Id.*

Mr. Orr argues that the Warrant-Related Items are not relevant to the question of excessive force, and the Paraphernalia "lacks a nexus with the issue in this case," because the Paraphernalia was found on Mr. Orr's person after force was exerted on him. *Id.* at 3. Mr. Orr also argues that the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, as "[t]he jury may unfairly infer that Mr. Orr deserved punishment or was behaving erratically simply because he was in the vicinity of drugs and weapons accessories," *id.* at 5, and this may cause the jury to "confuse Mr. Orr's case about excessive force with crimes that involve narcotics and guns," *id.* at 6. Finally, Mr. Orr argues that the testimony of Mr. Orr and Officer Shea can sufficiently "provide the jury with full narratives about the narrow issue remaining in this case" such that this evidence is not necessary. *Id.* at 7.

Officer Shea "concedes that the [W]arrant-[R]elated [I]tems are not probative of whether the defendant used excessive force when he first tackled Mr. Orr," but argues that "the presence of drugs in close proximity to Mr. Orr and the defendant Shea's prior knowledge of Mr. Orr's perceived hand-to-hand drug transaction just prior to the execution of the search warrant are highly relevant to the issue of the defendant's objective reasonableness and use of force." Obj. Items Seized at 4. In his view, "[e]vidence of drugs on the coffee table is relevant to the issue of

17

[the] defendant's objective reasonableness," as Officer Shea's assessment of the situation "include[d] the facts that Mr. Orr was seated near drugs." *Id.* at 4-5; *see also id.* at 6-7 (arguing that "[w]hat [Officer Shea] knew or reasonably believed at the time of the incident goes to . . . his objective reasonableness and must of necessity include . . . the admitted presence of drugs in the immediate proximity to where the plaintiff was seated," and that "[t]o exclude that evidence would be highly prejudicial to the defendant").

Mr. Orr responds that none of the Warrant-Related Items "have a nexus with any fact of consequence in this case," and reiterates that "the incremental probative value of this evidence is low because any context it could provide can be shown in less-prejudicial ways." Reply Items Seized at 3, 5.

The Court agrees, in part.

As an initial matter, as Officer Shea has conceded that none of the Warrant-Related Items, except for the "drugs on the coffee table" are not probative of whether he used excessive force, Mr. Orr's motion will be granted as to the other Warrant-Related Items.

As to the drug paraphernalia on the coffee table, which Officer Shea allegedly "observed . . . immediately adjacent to where the plaintiff was seated," Obj. Items Seized at 2, because the trial has not yet occurred, this evidence has not been presented in its proper context, and the Court cannot determine whether its probative value would be outweighed by its prejudicial effect.

As to the Paraphernalia, found on Mr. Orr's person after arrest, this evidence is not probative of any issue before the jury. *See Graham*, 490 U.S. 386, 396-97 (describing the elements of an excessive force claim).

Accordingly, and in light of the Court's discretion to reserve judgment on a motion *in*

18

*limine* until the evidence is placed in its full factual context at trial, *see Nat'l Union Fire Ins. Co.*, 937 F. Supp. at 287, the motion *in limine*, ECF No. 115, is **GRANTED** in part and **DENIED** in part. The motion is **GRANTED** with respect to the other Warrant-Related Items and the Paraphernalia, which will be excluded, but is **DENIED** without prejudice to renewal at trial as to the drug paraphernalia on the coffee table. If, during the course of trial, it becomes clear that such evidence may be properly admitted, the Court will consider revisiting this ruling.

### IV.     CONCLUSION

For the reasons explained above, Mr. Orr's motion to preclude evidence or testimony regarding prior litigations, ECF No. 112, is **DENIED** without prejudice to renewal at trial;

Mr. Orr's motion to preclude evidence or testimony relating to past or present drug use, ECF No. 113, is **GRANTED** with respect to evidence or testimony relating to Mr. Orr's alleged past drug use before the events leading up to his arrest, and is **DENIED** without prejudice to renewal at trial with respect to evidence relating to Mr. Orr's alleged intoxication at the time of his arrest and the hand-to-hand drug transaction that allegedly took place prior to Mr. Orr's arrest;

Mr. Orr's motion to preclude evidence or testimony relating to prior convictions, ECF No. 114, is **GRANTED**; and

Mr. Orr's motion to preclude evidence or testimony relating to items seized after Mr. Orr's arrest, ECF No. 115, is **GRANTED** with respect to the other Warrant-Related Items and the Paraphernalia, but is **DENIED** without prejudice to renewal at trial as to the drug paraphernalia on the coffee table.

The Court's rulings, however, are "subject to change when the case unfolds, particularly if the actual testimony differs from what was [expected]." *Luce*, 469 U.S. at 41.

**SO ORDERED** at Bridgeport, Connecticut, this 14th day of May, 2021.

                                                /s/ Victor A. Bolden
                                                Victor A. Bolden
                                                United States District Judge